# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| SHELBY HERRING,<br><br>                            Plaintiff,<br><br>v.<br><br>YANFENG USA AUTOMOTIVE TRIM SYSTEMS, INC., *et al.*,<br><br>                            Defendants. | Case No. 5:19-cv-06044-NKL |

## ORDER

Defendant Manpower US, Inc. ("Manpower") moves to dismiss plaintiff Shelby Herring's claims against it. Doc. 7. For the following reasons, Manpower's motion is granted.

**I.    Background**

Prior to filing suit, Ms. Herring filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") asserting claims under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq*. Doc. 8-1 (Plaintiff's June 18, 2018 MCHR Charge). She identified "Yanfeng Automotive Interiors" as the only respondent. *Id.* at p. 1. Defendant Manpower appeared in the "Particulars" (description) of the charge but was not identified as a formal respondent. *Id.* ("When I was with Manpower as a temp, Lavonda Brown, a black female did not like me and many others who were white, and she created a hostile work environment.").

On June 26, 2018, the MCHR sent Yanfeng USA Automotive Trim Systems, Inc. ("Yanfeng") written notice that Ms. Herring had filed a charge of discrimination against it, which included information about participating in the investigation moving forward. *See* Doc. 8-2 (June 26, 2018 Notice). Manpower received no such notice to participate in the investigation.

On December 17, 2018, the MCHR issued a Notice of Right to Sue granting Ms. Herring the right to sue "the respondent(s) named" in the charge. Doc. 8-3 (December 17, 2018 Right to Sue). Thereafter, on March 5, 2019, Ms. Herring filed suit against defendants Manpower and Yanfeng in the Circuit Court of Platte County, Missouri asserting claims under the MHRA for discrimination on the basis of disability (Count I), sex (Count II), and race (Count III), retaliation (Count IV), and hostile work environment (Count V).

Defendant Yanfeng removed the case to federal court on April 5, 2019. On April 12, 2019, Manpower filed the motion to dismiss currently before the Court.

## II. Legal Standard

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Before filing a civil action under the MHRA, a plaintiff must "exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Alhalabi v. Mo. Dept. of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. E.D. 2009); Mo. Rev. Stat. § 213.075(1) (identifying exhaustion as a "jurisdictional condition precedent" to filing suit). While the Missouri Supreme Court has taken a "liberal approach" to exhaustion under the MHRA, *Alhalabi*, 300 S.W.3d at 525, it has also acknowledged its purpose, and the importance, of "giv[ing] notice to the charged party and . . . provid[ing] an avenue for voluntary compliance without resort to litigation," *Hill v. Ford Motor*

*Co.*, 277 S.W.3d 659, 669–70 (Mo. 2009). Thus, when a plaintiff has failed to include a party in the administrative process, the Court must determine whether there is "substantial identity of interest" between the parties sued and those charged, such that the failure to join the unnamed party can be forgiven and the case permitted to proceed. *Id.*

**III.    Discussion**

Manpower argues that Ms. Herring's claims against it must be dismissed because she failed to name Manpower as a respondent in her MCHR charge,[1] and therefore, has failed to exhaust her administrative remedies. In opposition, Ms. Herring argues that dismissal is not required because there is "substantial identity of interest" between Manpower and the party charged, Yanfeng, such that her failure to include Manpower in the administrative process should be excused.

To determine whether there is "substantial identity of interest" between Manpower and Yanfeng, the Court considers whether: (1) the role of Manpower could be ascertained by Ms. Herring's reasonable effort at the time of filing; (2) interests of Yanfeng and Manpower are so similar that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include Manpower in the administrative proceedings; (3) Manpower's absence resulted in "actual prejudice" to its interests; and (4) Manpower has "in some way represented to [Ms. Herring] that its relationship with [her] is to be through the named party." *Id.* at 669–70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)).

There is no real question that the first *Hill* factor weighs in favor of Manpower; Ms. Herring does not even address it in her suggestions in opposition to the motion to dismiss. Ms. Herring

---

[1] While Ms. Herring mentioned Manpower in the particulars of the charge, it is well-established that simply naming a party in the particulars of an administrative charge is not sufficient for purposes of administrative exhaustion. *See Barada v. Midwest Division-RMC, LLC*, 15-00490-CV-W-GAF, 2015 WL 12426150, at *4 (W.D. Mo. Oct. 1, 2015).

3

not only could have ascertained Manpower's role in the alleged acts of discrimination and retaliation through reasonable effort but had actual knowledge of it before she filed her administrative charge, as evidenced by her mention of Manpower in the charge. *See Stoker v. Lafarge N. Am., Inc.*, No. 4:12-CV-0504-DGK, 2013 WL 434049, at *4 (W.D. Mo. Feb. 5, 2013) (finding mention of party in body of charge while simultaneously failing to name that party as a respondent weighed in favor of barring suit).

As for the second factor, Ms. Herring argues that "[t]he interests of Yanfeng were so similar to Manpower's interest[s] that it was unnecessary to name Manpower." Doc. 14 (Plaintiff's Suggestions in Opposition to Motion to Dismiss), p. 3. In support of her assertion, Ms. Herring points to the fact that Manpower "occup[ied] a physical space and office at Yanfeng's plant" and for a period of time "did all the hiring of [] Yanfeng's hourly employees." *Id.* While these contentions help to explain Manpower's relationship with Yanfeng, providing workforce solutions and temporary staffing, they fail to articulate any shared economic interests between the parties that would make Manpower's presence in the administrative proceedings unnecessary. *See Eckerman v. KMBC-TV*, No. 08-00994-CV-DGK, 2009 WL 9837587, at *3 (W.D. Mo. July 17, 2009) (concluding second factor weighed in favor of dismissal where unnamed party was "not economically synonymous" with the named party). Because Manpower and Yanfeng are separate corporate entities, Doc. 1 (Petition), ¶¶ 2–3, any voluntary conciliation or compliance agreed to in the administrative proceeding by Yanfeng would not have had any binding effect on Manpower. Likewise, a judgement against Yanfeng could be executed against Yanfeng's assets only, while a judgment against Manpower would put its corporate assets at risk. Their dissimilarity of interests is only "confirmed by the fact that [Manpower] has engaged independent counsel." *Stoker*, 2013 WL 434049, at *4.

4

Addressing the third factor, Ms. Herring argues that Manpower suffered no actual prejudice because "no meaningful conciliation took place." Doc. 14, p. 4. However, there is no evidence that Manpower had any notice of the MCHR charge, much less an opportunity to participate in reconciliation without litigation. Because Ms. Herring's failure to name Manpower "deprived [it] of any chance to participate in the administrative reconciliation process[,]" this factor weighs in favor of dismissal. *Stoker*, 2013 WL 434049, at *5; *see also Borders v. Trinity Marine Prods., Inc.*, No. 1:10CV146 HEA, 2010 WL 5139343, at *3 (E.D. Mo. Dec. 9, 2010) (finding prejudice where defendants were excluded from the MCHR investigation).

Lastly, Ms. Herring argues that "[b]ecause Manpower was physically located at Yanfeng's plant, and its employee Brown was the only HR representative for hourly employees, Manpower represented to [her] that their relationship was through Yanfeng." Doc. 14, p. 3. However, the contention that Brown, an employee of Manpower, was the only HR representative would seem to suggest that Ms. Herring's relationship with Manpower was through Brown, not through Yanfeng. Moreover, to prevail at the fourth factor, Ms. Herring must show that Manpower held itself out as the "virtual alter ego" of Yanfeng, *Barada*, 2015 WL 12426150, at *5, something Ms. Herring does not even allege. Absent factual allegations to support the contention that Manpower represented that its relationship was through Yanfeng, this factor weighs in favor of dismissal. *See Borders*, 2010 WL 5139343, at *3 (finding no substantial identity of interest despite plaintiff's contention that the unnamed party was the virtual alter ego of the party charged where plaintiff "failed to offer evidence which substantiates his assumption that the parties are one and the same").

Because all four *Hill* factors support finding that Manpower and Yanfeng lack "substantial identity of interest," the Court concludes that Ms. Herring has failed to exhaust her administrative remedies as to Manpower.

**IV.     Conclusion**

For these reasons, Manpower's motion to dismiss for failure to exhaust, Doc. 7, is granted.

                                                 s/ Nanette K. Laughrey
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated:  May 28, 2019
Jefferson City, Missouri